McFarland, J.,
delivered the opinion of the Court.
In August, 1867, Jere Paschal issued his summons-against “the Captain and Master of the steamboat Mollie Hamilton,” requiring him to appear at the Sep *204 tember' Term of the Municipal Court, in Memphis, to answer to ; the complaint of Jere Paschal. The summons was returned by the Marshall of the Court, endorsed, “Executed in full,” August 19, 1867; but i it is not stated, either in the summons or the return, who was the Captain and Master of the steamboat Mollie Hamilton, nor on whom the summons was executed. At the September Term, 1867, the plaintiff filed his declaration, in which he avers that the defendant owes him $120 by account, but he does not state who the defendant is, except that the cause is styled Jere Pasehal v. Captain and Master of Steamboat Mollie Hamilton. At the same term the plea of nil debit was put in by counsel for defendant, but without naming the defendant, except as Captain and Master, etc. The. case thus proceeds to judgment and execution, the name of the defendant' nowhere appearing, except as the Captain and Master, etc.
When execution issued for $61 against the Captain and Master of the Steamer Mollie Hamilton, the Marshall levied on an iron safe in the Clerk’s office of the Mollie Hamilton, as the property of defendant, whereupon Thomas R,. Bowman, styling himself Captain and Master of Steamer Mollie Hamilton, gave a bond for the delivery of the property on a specified day for sale. But before the day of sale arrived, Thomas R.. Bowman filed his petition and obtained a supersedeas from the Judge of the Municipal Court, alleging that the judgment was absolutely void.
At the July Term, 1868, of the Municipal Court, the defendant moved to quash the execution, which *205 motion’was overruled. From the judgment overruling this motion, Thomas R. Bowman has appealed to this court.
To constitute a valid judgment, the record of it must contain sufficient certainty and precision to enaable the Clerk to issue an execution by inspection of the entry, without reference to other entries. Boyken v. State, 3 Yerg., 426. But in the present case there-is nothing in the record, from the summons to the judgment, from which it could be seen against whom the execution was to issue. There is nothing showing who are served with process, or who appeared by counsel and defended, or against whom the jury found their verdict. The defendant is described throughout the record, without name, as the Captain and Master of the Steamboat Mollie Hamilton. Having no other guide but this to follow, the Clerk issued the execution in pursuance of the judgment, leaving the - Marshall to find out, as best he might, who was the Captain and Master of the Steamboat Mollie Hamilton. When the Marshall had found an iron safe in the Clerk’s office of the Mollie Hamilton, and levied, on it as the property of the defendant in the execution,-Thomas R. Bowman came forward and executed a delivery bond as the Captain and Master of the Steamboat Mollie Hamilton. But does that prove that the summons was served on Thomas R. Bowman, and that it was he who appeared by counsel, and against whom the jury rendered a verdict? It proves that when the execution was levied he was then the Captain and Master of the Steamer Mollie Hamilton; but *206 •during the pendency of the suit, for more than a year, she may have had a dozen captains and masters. We are of opinion that the judgment was void, and the execution and its levy nullities, for which the same should have been quashed and set aside.
The. judgment of the court below is reversed, and the execution quashed.